10436

### NESBITT AUTÒ CO. v. KIRBY.

#### (103 S. E. 532.)

1. JUDGMENT—VALIDITY OF MORTGAGE INVOLVED IN JUDGMENT IN CLAIM AND DELIVERY BROUGHT BY MORTGAGEE.—An action in claim and delivery is ordinarily a simple action for possession, but when the right of the plaintiff is based upon a mortgage, then the validity of the mortgage is necessarily involved, and a judgment for the plaintiff for the possession necessarily includes a judgment that the mortgage is valid.

2. JUDGMENT—NOT RES ADJUDICATA IN ABSENCE OF JUDGMENT.—Where the record does not show that there was a judgment in a prior proceeding, there can be no *res adjudicata.*

Before SHIPP, J., Union, May term, 1919. Reversed.

· . Action by R. H. Nesbitt Auto Co. against J. E. Kirby, doing business under the name of Union Plumbing & Elec. Co. From directed judgment for. plaintiff, defendant appeals.

*Mr. Macbeth Young,* for appellant, cites: *Relief demanded in complaint cannot be exceeded when no answer is made:* Code, sec. 336; 18 S. C. 600; 19 S. C. 445; 62 S. C. 506; 88 S. C. 144; 83 S. C. 491. *Judgment in claim and delivery might be for either possession or value, if possession is denied, and damages, but not for both:* Code, sec. 338. *Under complaint in first action, where property was delivered, only judgment entered would have been for costs of action:* 11 S. C. 327; 20 S. C. 6; 28 S. C. 156. *If defendant had answered first action and stated he elected to deliver back the property claimed, judgment could only have been for the return of said truck, or its value, if delivery cannot be had:* 42 S. C. 121. *Nothing mandatory or vindictive in secs. 321 and 328 Code:* 20 S. C. 6; 47 S. C. 556; 72 S. C. 33; 105 S. C. 142. *Plaintiff had to elect which remedy he would pursue. Having chosen, is estopped from pursuing another remedy:* Myn. Dec. No. 712, cited in 18 S. C. 386;

19 S. C. 492.   Also 20 S. C. 9; 11 S. C. 321; 16 S. C. 140; 106 S. C. 237.   *Vendor who retakes property on default and sells it cannot credit vendee with proceeds of sale, less expenses, and sue for the balance of purchase price:* 97 N. Y. S. 863; confirmed 111 App. Div. 785; 190 N. Y. 572.

*Mr. J. Gordon Hughes,* for respondent, cites: *Taking of mortgaged property under claim and delivery does not satisfy the debt:* 94 S. C. 342.   *Validity of mortgage is res adjudicata:* 73 S. C. 278; (N. C.) 23 Cyc. 1306; 44 S. C. 17.   *Defendant estopped from setting up any matter that could have been pleaded in first action:* 9 S. C. 281.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff sold to the defendant an automobile truck part cash and part credit.   The credit portion was secured by notes of the defendant and a chattel mortgage of the truck.   The defendant paid two of the notes, and then made default in the payments of the other notes.   The plaintiff brought an action in claim and delivery, claiming the possession under his mortgage.   The defendant surrendered the possession of the truck, which the plaintiff sold to foreclose his mortgage.   The truck was bought in by the plaintiff for $75, and resold by the plaintiff for $663.   The plaintiff gave the defendant credit for the resale price, and brought this action for $172.28, the balance due on the notes.   To this action for the balance the defendant set up fraud in the original sale.   The plaintiff set up the former action, and claimed that the defendant is estopped by the former action from now calling in question the validity of the mortgage.   The presiding Judge sustained the plaintiff's claim, and held that the defendant was bound to set up

this defense in the former action, and is now estopped. The term *"res adjudicata"* was not used, but that is the meaning of it.

An action in claim and delivery is ordinarily a simple action for possession, but when the right of plaintiff is based upon a mortgage, then the validity of the mortgage is necessarily involved. If the mortgage is fraudulent, it is 1, 2 void, and no title can be derived from it. A judgment for the plaintiff for the possession necessarily includes a judgment that the mortgage is valid. The record in this case (we are bound by the record) does not show that the action for claim and delivery proceeded to judgment. The record only shows that an action was brought, and the defendant surrendered the possession and made default. The record does not show that there was a judgment, and, of course, if there was no judgment there can be no *res adjudicata*. If the plaintiff had taken a judgment, his plea would have been sustained. The plaintiff not having made it appear that there was a judgment, his plea cannot be sustained. This is the only question that it is proper to consider in this appeal.

The judgment is reversed, and the case is remanded for a new trial.